**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                      No. 96-4179

WILLIAM D. GOLDEN,
Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of West Virginia, at Wheeling.
Frederick P. Stamp, Jr., Chief District Judge.
(CR-93-48)

Submitted: June 17, 1997

Decided: August 11, 1997

Before HALL, WILKINS, and HAMILTON, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Brian A. Glasser, BOWLES, RICE, McDAVID, GRAFF & LOVE,
Charleston, West Virginia, for Appellant. William D. Wilmoth,
United States Attorney, Wheeling, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

William D. Golden appeals his conviction and sentence for conspiracy to distribute crack cocaine, in violation of 21 U.S.C. § 846 (1994); distribution of crack cocaine, in violation of 21 U.S.C. § 841(a)(1) (1994); aiding and abetting, in violation of 18 U.S.C. § 2 (1994); and interstate travel to facilitate a business enterprise involving crack cocaine, in violation of 18 U.S.C. § 1952(a)(3)(A) (1994). We affirm.

At trial, the Government presented testimony from several witnesses about Golden's drug dealing activities. Although Golden did not deny selling drugs, he asserted that he suffered from mental illness that made him delusional. He claimed that he believed himself to be acting as an informant for the Morgantown, West Virginia, drug task force, and that the police capitalized on his delusional state. Golden called Detective Joel Smith, who testified that he had, on one occasion, used Golden as an informant. Smith also testified that Golden approached him about drug dealing activities in Morgantown, and Smith told Golden to report what he knew. However, Smith denied that Golden was part of the task force. Smith further testified, on cross-examination, that Golden tried to use his cooperation with the task force to secure a more favorable outcome in pending state charges, threatened to lie before the grand jury, and told his former attorney that he and a local state judge were under investigation by the task force. There was no other evidence to support Golden's assertion that his drug dealing activities were occasioned by his participation on the task force.

Golden first asserts that he did not receive a fair trial because of extensive misconduct by the prosecutor. Golden claims that the prosecutor presented false evidence during the cross-examination of Detective Smith by eliciting testimony to show that Golden started rumors about his former attorney, which he claims the prosecutor started, and cited United States v. Shuck, 705 F. Supp. 1177 (N.D.W. Va. 1989), rev'd, United States v. Shuck, 895 F.2d 875 (4th Cir. 1990). In Shuck, the district court vacated the defendant's perjury conviction because of the actions of the Assistant United States Attorney before the grand

2

jury, and noted that the investigation of local attorneys by the United States Attorney's Office created the erroneous conclusion in the community that such attorneys were under criminal investigation. Shuck, 705 F. Supp. at 1191-92, 1196. This court reversed the district court's ruling, noting that the allegedly improper conduct of the United States Attorney's Office was unrelated to Shuck's conviction. Shuck, 895 F.2d at 967.

Because Golden did not object at trial this Court reviews for plain error. See United States v. Olano, 507 U.S. 725, 732 (1993). The prosecutor asked the questions at issue in an effort to establish Golden's deceptive and manipulative manner. Although one witness testified that he did not believe that Golden began the rumors, another said that Golden did start the rumors. Golden has not shown that the prosecutor's statements were false. In any event, the prosecutor's implication that Golden started rumors, however vicious, does not rise to the level of a false assertion that Golden was convicted of prior crimes, see Foster v. Barbour, 613 F.2d 59, 60 (4th Cir. 1980), nor was it likely to mislead the jury. See United States v. Brockington, 849 F.2d 872, 875 (4th Cir. 1988). Thus, the prosecutor's statements did not deprive Golden of a fair trial.

Golden next claims that the prosecutor made improper statements during opening and closing arguments. Golden claims that the prosecutor improperly blamed the delay of trial on Golden, vouched for the prosecution witnesses, and improperly argued to the jury that Golden had an obligation to refute the Government's evidence. Because Golden did not object to the statements at trial, this Court reviews for plain error. Olano, 507 U.S. at 732. Reading the prosecutor's statements in context, Golden fails to establish that the prosecutor's remarks were factually untrue or otherwise improper, or that the statements prejudiced him in such a way as to deprive him of a fair trial. See Brockington, 849 F.2d at 875. Thus, the prosecutor's statements did not constitute plain error.

Finally, Golden claims that the district court erred in determining Golden's relevant conduct. Golden claims that the district court improperly attributed to him for relevant conduct purposes crack cocaine instead of a combination of crack cocaine and powder cocaine. The district court's findings of fact at sentencing are

3

reviewed for clear error. United States v. D'Anjou, 16 F.3d 604, 614 (4th Cir. 1994). A review of the record shows that the district court considered the testimony at trial and at the sentencing hearing, and weighed the credibility of each witness to find that Golden distributed only crack cocaine. We find that the district court did not err in determining Golden's relevant conduct.

Accordingly, we affirm Golden's conviction and sentence. We deny Golden's motion to file a supplemental reply brief. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4